MARY A. GOLDSBURY *vs.* INHABITANTS OF WARWICK.

An owner of bank shares is rightfully taxed upon them in the town in which he resides, although in a statement made under St. 1872, c. 321, § 6, he has by an honest mistake notified the cashier of the bank that his residence was in a different town.

CONTRACT to recover back the amount of a tax assessed by the defendants upon the plaintiff for certain bank shares, and paid by her under compulsion and protest.

On the trial in the Superior Court, before *Wilkinson*, J., the plaintiff offered evidence tending to show that she was formerly a resident of Warwick, but at the time when and for some two years before the tax was assessed she was a resident of and had her domicil in Bernardston, and that she paid the tax under protest, to prevent her bank shares being sold for its payment.  It appeared that the tax was assessed in May, 1872, upon 117 shares in the Franklin County National Bank of Greenfield and upon 13 shares in the Miller's River National Bank of Athol ; that in the fore part of April, 1872, she gave notice to the cashier of each bank that her then residence was in Bernardston and would so continue to be till she should inform them to the contrary, and that no further notice was given.

The defendants denied that she had changed her residence.

Upon notice to them, the defendants produced a printed document, sent to them by the tax commissioner, purporting to be a list of all the shareholders in the several national banks of this Commonwealth with their residences, by which it appeared that the plaintiff was returned as the owner of these shares and as resident in Bernardston. This document was put in evidence against the objection of the defendants.

The presiding judge ruled, that, under the St. of 1872, *c.* 321, in order to render the plaintiff liable to taxation for the bank shares aforesaid, in Warwick, the burden was on the defendants to show that the statement made to the cashiers by the plaintiff, as to her residence in the town of Bernardston, was intentionally false; and the jury having returned a verdict for the plaintiff, he reported his rulings to this court for its determination.

*D. Aiken,* for the defendants.

*W. S. B. Hopkins,* for the plaintiff.

Colt, J. The St. of 1872, *c.* 321, providing for the collection of taxes upon bank shares, contains provisions for ascertaining and certifying to the assessors of the several cities and towns the true residence of the stockholders. To that end, it is made the duty of every shareholder to give notice to the bank of his true residence each year. If he refuses or neglects to do this, his shares are made subject to taxation in the city or town where the bank is located as well as in the city or town where he resides.

The plaintiff gave notice to the banks in which she held shares that her residence was then in Bernardston, and would continue there until she should inform them to the contrary. She was taxed for these shares in Warwick, the place of her former residence, and seeks in this action to recover back the amount paid under protest.

It was ruled that under the statute, in order to render the plaintiff liable to taxation on these shares in Warwick, the burden was on the defendants to show that the statements made to the banks by the plaintiff as to her residence in Bernardston were intentionally false.

The defendants' objection to this ruling is well taken. The actual residence of the shareholder fixes the place where he is

liable to be taxed. It is easy and simple in most cases to determine as a matter of fact where that residence is. The actual facts are ordinarily so decisive that no declared intention will be permitted to control them. It is only where the facts are ambiguous and uncertain in the absence of any settled and permanent abode, that a party will be permitted to elect in which of one or more places of partial residence he will exercise his rights of citizenship and subject himself to taxation. To this extent weight is given to expressed intention without impairing the rule that in all cases, in order to establish a change of domicil, the actual fact of residence and the intention must concur. *Hallett* v. *Bassett*, 100 Mass. 167, 171.

The construction of the statute contended for sets up a new rule of evidence, changing the burden of proof, and applicable only to questions of residence as affecting liability to taxation for bank shares. It puts it in the power of the shareholder practically to fix his residence by a statement of his intention in that respect, unless it can be shown that the statement was intentionally false, and this without reference to the actual facts of his residence. It is enough if he is honestly mistaken in deciding a question which is sometimes difficult and as to which there is much misapprehension. His decision must stand as conclusive unless impeached as intentionally false.

There is no difficulty in giving effect to all the provisions of the statute without adopting an interpretation which leads to such results. Its purpose is to provide for bringing to the knowledge of the assessors the actual ownership of property of this description. It secures this by requiring notice of residence to be given by the shareholder to the bank to be transmitted by the bank to the assessors. It attempts to insure a compliance with its provisions by subjecting the shares to double taxation in case of a refusal or neglect on the part of the owner to make the required statements. But it expressly declares that they shall not be exempt from the payment of a tax legally assessed in the city or town where the owner resides. This leaves the question of residence to be settled by the usual rules, giving no more weight to the statements contained in the notice required by § 6 as

evidence than would be given to it as an expression of intention by the rules above stated. It is not necessary to inquire whether the double taxation of the statute can be enforced against one who has, without intention, incorrectly stated the place of his residence. It is enough that, as between these parties, the rules of evidence are not affected. The question of the admissibility of the document produced by the defendants on notice, or of the validity of the plaintiff's notice to the banks, it is not necessary to consider. *New trial ordered.*